IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| L. DWAINE LORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:02-CV-1636-P |
| | § | |
| DAVID LARSEN, and | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant David Larsen's ("Defendant" or "Larsen") Motion for Summary Judgment, filed June 1, 2004.[1] Plaintiff L. Dwaine Lord ("Plaintiff") filed his Response, which included a Cross-Motion for Summary Judgment, on April 14, 2005, and Defendant filed a Reply on May 16, 2005.[2] After considering the parties' arguments and

---

[1] Originally, Plaintiff filed a Response on August 2, 2004, and Defendant filed a Reply on August 17, 2004. However, on October 6, 2004, Magistrate Judge Paul D. Stickney reopened discovery for three months until January 5, 2005, allowing Plaintiff to submit a supplemental response to Defendant's Motion for Summary Judgment by January 7, 2005. Subsequent orders from this Court extended the deadline to April 15, 2005.

[2] Defendant's Reply relates only to its June 1, 2004, Motion for Summary Judgment. However, Defendant filed a Motion to Strike Plaintiff's Cross-Motion for Summary Judgment ("Motion to Strike") on May 4, 2005. Plaintiff filed its Response, or "Opposition to" the Motion to Strike on May 16, 2005, and Defendant filed a corresponding Reply on May 27, 2005. In its Motion to Strike, Defendant requests the Court strike Plaintiff's Cross Motion for Summary Judgment "because it is untimely, and because Plaintiff did not seek leave of court to file [it] after the Court's deadline to file dispositive motions." Mot. to Strike at 1. In the alternative, Defendant petitions the Court for twenty days to respond. *Id.* at 4. As the Court believes the facts of this case do not warrant summary judgment *for either party* the Court DENIES Defendant's Motion to Strike as MOOT.

**Order DENYING Defendant's Motion for Summary Judgment, and DENYING Plaintiff's Cross-Motion for Summary Judgment**
**3:02-CV-1636-P**
**Page 1**

briefing, and the applicable law, the Court DENIES Defendant's Motion for Summary Judgment, and DENIES Plaintiff's Cross-Motion for Summary Judgment.[3]

## I.     Background and Procedural History

On January 11, 2002, City narcotics officer Larsen submitted an affidavit for a search and arrest warrant ("warrant") for Plaintiff's residence. Larsen based his information in the affidavit on the testimony of a confidential informant, later revealed to be Mary Deal ("Deal"). Although Larsen and other City police officers executed the warrant successfully, they failed to discover any illegal narcotics during the search.

Plaintiff now alleges "Larsen intentionally misrepresented facts establishing probable cause in the warrant application," Def.'s Reply at 10, and thereby committed an unconstitutional search and seizure as a result of the defective warrant.[4] Additionally, Plaintiff alleges Larsen and other police officers used excessive force during the execution of the warrant. Specifically at issue is whether Larsen acted objectively reasonable in obtaining the warrant, and whether he is entitled to qualified immunity.[5]

---

[3] This Order does not address Defendant City of Dallas, Texas's ("City") Motion for Summary Judgment, or Plaintiff's corresponding Response and Cross-Motion for Summary Judgment.

[4] Once a court determines a search and arrest warrant to be invalid, any actions resulting from the warrant become patently erroneous, unless such actions are otherwise allowable by law. *United States v. Parker*, 722 F.2d 179, 182-83 (5th Cir. 1983).

[5] Generally speaking, police officers who act within the scope of their discretionary authority and in the course of their official responsibilities "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, officers lose that qualified immunity "where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . ." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). As the Fifth Circuit stated, "[t]he question in qualified immunity . . . is not whether the officers actually had probable cause, but rather whether they acted recklessly in swearing a warrant based on the information they possessed. The officers lose their immunity only if it is obvious that no reasonably competent officer would have concluded that a warrant should issue . . . ." *Hart v. O'Brien*, 127 F.3d

## II.     Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Celotex*, 477 U.S. at 323.

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless she provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 248-50; *Abbott v. Equity Group*, 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79

---

424, 445 (5th Cir. 1997).

F.3d 1415, 1429 (5th Cir. 1996) (en banc).  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she bears the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

Finally, the Court has no duty to search the record for triable issues.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."  *Id.*   A party may not rely upon "unsubstantiated assertions" as competent summary judgment evidence.  *Id.*

### III.   Plaintiff's Claims Against Larsen

After viewing the evidence in the light most favorable to the Plaintiff, the Court finds several contested issues of fact as to whether Larsen acted recklessly in obtaining the warrant.  For instance, Deal states that "[d]uring some of the time in which [she] worked as a confidential informant for Officer [] Larsen, [she] was addicted to legal drugs," and that "[d]uring one point in time, Officer [] Larsen was well aware of [her] drug addiction and [her] need for illegal drugs to supply her habit."[6]  Deal Decl. at 2 (Pl.'s App. at 194).  Deal also states that "[s]ometime during 1997, [she] began having a sexual relationship with Officer [] Larsen," and that on several occasions, they engaged in sexual relations "in Officer [] Larsen's vehicle."[7]  *Id.*

---

[6] Larsen disputes this assertion.  *See* David Larsen's Answers for In Camera Inspection Responsive to Pl.'s Mot. to Compel at 7 ("Resp. to Mot. to Compel") (Pl.'s App. at 229) ("Pardon me, was your informant an addict?  A:  No, not to my knowledge.").

[7] During his third deposition, Larsen pleaded the Fifth Amendment in response to whether he ever had sexual relations with Deal.  *See* Larsen dep. at p. 15, l. 24. to p. 16, l. 13 (Dec. 2, 2004) (Pl.'s App. at 257).

**Order DENYING Defendant's Motion for Summary Judgment, and DENYING Plaintiff's Cross-Motion for Summary Judgment**
3:02-CV-1636-P
Page 4

Additionally, other discrepancies exist, particularly with respect to Larsen's testimony. In his initial deposition, Larsen testified that Deal gave no "suggestion or idea as to how much heroin" would be found at Plaintiff's residence. Larsen dep. at p. 61, ll. 7-10 (Dec. 16, 2003) (Pl.'s App. at 215). However, in a subsequent motion to compel, Larsen stated Deal told him that Plaintiff's residence contained "[a]t least one ounce of heroin." Resp. to Mot. to Compel at 5 (Pl.'s App. at 227). Thereafter, Larsen testified in his second deposition that although Deal never stated how much heroin would be found, she did witness "two or three ounces of heroin," where Plaintiff resided. Larsen dep. at p. 85, ll. 5-23 (June 29, 2004) (Pl.'s App. at 251).

Moreover, in his third deposition, Larsen refused to answer several questions relating to Deal and the warrant on the ground such answers might be self-incriminating. Such queries included whether any of Larsen's supervisors believed Deal was an unreliable informant, and whether Larsen used false information in obtaining the warrant. *See* Larsen dep. at p. 36, ll. 6-12; p. 41, ll. 3-7 (Dec. 2, 2004) (Pl.'s App. 262; 263). While such silence cannot equate to admission per se, it can provide an adverse inference. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.").

The summary judgment record also raises fact questions as to what Larsen knew regarding the reliability of his confidential informant. For example, Deal states that she does not ever recall Larsen searching her prior to her entrance into a location where she was to purchase drugs. If this is true, Larsen would have no way of knowing whether Deal was carrying items with her that she could plant in the locations she was entering. Deal further states of her own personal knowledge that on some of the cases on which she worked, the substances seized by

**Order DENYING Defendant's Motion for Summary Judgment, and DENYING Plaintiff's Cross-Motion for Summary Judgment**
**3:02-CV-1636-P**
**Page 5**

Larsen were not drugs, but fake drugs that were planted on unsuspecting individuals.[8] Larsen objects to Deal's affidavit as being irrelevant because it does not specifically address the events giving rise to Plaintiff's claims. However, Deal's affidavit addresses her relationship with Larsen and creates issues as to whether Larsen knew or had reason to know that Deal was not reliable, and as to whether Larsen knew about or was involved in the planting of fake drugs. Accordingly, Larsen's objections to Deal's affidavit are overruled. Larsen also objects on hearsay grounds to the Police Department's file on Mary Deal. However, such files are made and kept by employees of the Police Department in the course of their duties and appear to be either business records under Fed. R. Evid. 803(6) or official records under rule 803(8). Therefore, Larsen's objections to Deal's file are overruled.

In sum, the summary judgment record raises fact issues as to what Larsen knew about Deal's reliability and what Larsen knew regarding the truthfulness of the information he used in obtaining the warrant for Plaintiff's home. Resolution of these critical, disputed issues is necessary before the issue of whether a "reasonably competent officer would have concluded that a warrant should issue" can be resolved, *see Hart*, 127 F.3d at 445, and correspondingly, whether Larsen is entitled to qualified immunity.

---

[8] *Compare* Resp. to Mot. to Compel at 6 (Pl.'s App. at 228) ("Did you ever at any time get the idea that [] Deal had planted drugs in places where you executed a warrant?" A: No.) *with* Deal Decl. at 3 (Pl.'s App. at 195) ("I have personal knowledge that on some of the cases in which I worked as a confidential informant for Officer [] Larsen the substances seized by [him] were not actual drugs, but rather 'fake drugs' that were planted on an unsuspecting individual."). Larsen later pleaded the Fifth Amendment when again asked about the "planting" accusations. *See* Larsen dep. at p. 38, ll. 10-16 (Dec. 2, 2004) (Pl.'s App. at 263).

IX. **Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Judgment, and DENIES Plaintiff's Cross-Motion for Summary Judgment.

**It is so ordered.**

Signed this 28th day of July 2005.

                                                    *Jorge A. Solis*
                                                    JORGE A. SOLIS
                                                    UNITED STATES DISTRICT JUDGE